IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FRISCO ACQUISITION LLC | § § | CASE NO. 20-42257 |
| | § | (Chapter 7) |
| DEBTOR. | § § | |

### DECLARATION OF CHRISTOPHER J. MOSER

Pursuant to 28 U.S.C. § 1746, Christopher J. Moser states as follows:

1. "My name is Christopher J. Moser. I am over twenty-one (21) years of age and reside in the State of Texas. I have never been convicted of any felony nor any other crime of moral turpitude. I am fully competent to make this Declaration. I have personal knowledge of the facts set forth in the Motion to Sell, and such facts are true and correct.

2. I am a shareholder of the law firm of Quilling Selander Lownds Winslett & Moser PC, which maintains its office at 2001 Bryan Street, Suite 1800, Dallas, TX 75201. I am admitted to practice in the State of Texas.

3. On November 6, 2020 ("**Petition Date**"), Frisco Acquisition LLC ("**Debtor**") filed a Voluntary Petition under Chapter 7 of the UNITED STATES BANKRUPTCY CODE. I am the duly appointed Chapter 7 Trustee ("**Trustee**") for the Debtor.

4. Prior to the bankruptcy, the Debtor assigned to Denver Gateway LLC its rights under a certain agreement and related documents thereto entitled the *Assignment of Certain Purchase and Sale Agreement Rights/Obligations and Related Documents* dated September 23, 2019 ("**Assignment**"), which Assignment provided the right to purchase a hotel in Colorado ("**Hotel Property**"). It is my belief that such transfer appears to be to an insider and without consideration. Subsequently,

construction continued on the Hotel Property, and the financing with the new lender went into default. The project is currently in default and apparently in need of millions of additional dollars to complete.

5. I have investigated the alleged fraudulent claim against Denver Gateway which is based on the Assignment to purchase the Hotel Property. Attached hereto as **Exhibit A**, and incorporated herein by reference, is a copy of the January 4, 2021 default letter sent by the lender to Denver Gateway. Further conversations with the lender through my counsel have provided no information that the loan has been reinstated.

6. The two alleged major creditors of the Estate are Wanda Bertoia ("**Bertoia**") and WPB Hospitality, LLC ("**WPB**"). Both Bertoia and WPB have filed substantial Proofs of Claim ("**Claims**") in the case. The claims of WBP and Bertoia, who would be the only creditors that would be defrauded by such fraudulent transfer, appear to be speculative because the contracts upon which they are based may not be enforceable. Accordingly, the fraudulent transfer claim has collectability problems because not only is the underlying Hotel Property loan in default, but there may not be any creditors who were defrauded by the transfers.

7. I have held two lengthy 341 Meetings of Creditors in this case. The Estate is currently holding no funds.

8. I declare under penalty of perjury that the foregoing is true and correct."

**DATED: May 21, 2021**

                                                    /s/ *Christopher J. Moser*
                                                    Christopher J. Moser

# Exhibit A

*handwritten annotation: DEFAULT LETTER ★ DENVER GATEWAY*

# OTTENJOHNSON
## ROBINSON NEFF + RAGONETTI pc

January 4, 2021

DAVID P. HUTCHINSON
303 575 7547
DHUTCHINSON@OTTENJOHNSON.COM

VIA E-MAIL AND FEDEX - JAG@GALAXYHOTELSGROUP.COM

Amandeep Dhillon
Denver Gateway, LLC
16161 E. 40th Avenue
Denver, CO 80239

Re:  *Loan dated September 23, 2019 From Fund Investment 112, LLC ("Lender") to Denver Gateway, LLC, a Colorado limited liability company (the "Borrower") in the original principal amount of $22,708,166.15 (the "Loan") and guaranteed by Amandeep Dhillon and Jagmohan Dhillon, husband and wife, Mandeep Dhillon and Mandeep Dhillon, husband and wife, Surendar Singh, a single man, Rajdeep Dhillon, a single woman, and Galaxy Management Company, LLC, a Texas limited liability company (collectively, the "Guarantor")*

Dear Mr. Dhillon:

As you may recall from my October 23rd correspondence, this firm is Colorado counsel to Lender in connection with the Loan, which is evidenced by the following documents, among others (collectively, the "Loan Documents"):

A. That certain Promissory Note made by the Borrower to Lender and effectively dated as of September 23, 2019 in the original principal amount of $22,708,166.15 (the "Note");

B. That certain Loan Agreement effectively dated as of September 23, 2019 by and between Borrower and Lender and acknowledged by the Guarantor, as amended by that certain First Omnibus Amendment effectively dated as of February 17, 2020 by and between Borrower and Lender and acknowledged by the Guarantor (collectively the "Loan Agreement");

C. Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing effectively dated September 23, 2019 by Borrower in favor of Lender, recorded on September 27, 2019 in the real property records of the City and County of Denver, Colorado at Reception No. 2019133971.

D. That certain Guaranty from the Guarantor effectively dated as of September 23, 2019 (the "Guaranty"); and

E. All other documents, instruments and agreements, including, without limitation, UCC Financing Statements, evidencing, securing and/or relating to the Loan.

Amandeep Dhillon
January 4, 2021
Page 2

Although not required under the Loan Documents, I am providing this notice on behalf of Lender to inform you that each Event of Default described in my October 23rd correspondence remains outstanding. In addition, the Loan matured on November 23, 2020. Accordingly, the entire principal balance of the loan, together with all accrued interest and other sums due under the Loan Documents, is due and payable. A payoff statement as of December 30, 2020, is attached for your reference. Please note that interest, legal fees and other collection costs have continued to accrue subsequent to the date of the payoff statement. If you intend to honor Lender's demand for payment, you may contact the undersigned for an updated payoff amount as of the date you intend to repay the Loan.

Purely as an accommodation to you, and while not required to do so under the Loan Documents, Lender has elected to forgo the exercise of remedies for a period of not less than ten days from the date of this letter. Lender encourages you to repay the Loan balance as set forth in the preceding paragraph (including per-diem interest and any additional attorneys' fees and costs incurred through the date of payment), in order to avoid liability for substantial, additional legal expense if Lender must proceed with such remedies. If you decline to repay the Loan within the next ten days, then Lender intends without further notice or demand to commence any and all remedies available to it under the Loan Documents, including by way of example but not limitation foreclosure of the Deed of Trust, and claims for monetary judgments under the Note and Guaranty.

Although not required under the Guaranty, Guarantor is being provided with a copy of this letter, and this letter shall constitute notice of Lender's intention to pursue collection under the Guaranty in the event that the Loan is not fully repaid within ten days following the date of this letter.

As stated in my October 23rd letter, no course of conduct or dealing shall be imputed to Lender or limit Lender's rights by virtue thereof, including without limitation any further Loan advances made by Lender at its election, or of any partial payment(s) or partial performance received, and Lender does not waive compliance with any Loan Documents. Strict compliance with the terms and provisions of the Loan Documents shall continue to be insisted upon, and in addition to imposing any late charge and/or default rate of interest, Lender reserves the right to exercise any one or more of the other remedies available to Lender pursuant to the Loan Documents or at law or in equity, and nothing contained in this letter shall constitute a waiver of any rights of Lender to pursue such rights and remedies.

Any payment to Lender in an amount less than the total sums due under the Loan Documents shall not be construed as an accord and satisfaction or as Lender's agreement to accept a lesser amount as payment in full of the total amount due. Additionally, Lender's acceptance of any endorsement or statement on any check evidencing a payment or letter accompanying a payment may not be deemed an accord and satisfaction, and Lender may accept any such payment or check without prejudice to its right to receive the balance of all amounts due under the Loan Documents, or pursue its remedies.

Any negotiations or course of conduct among Lender, Borrower and/or Guarantor shall not constitute a waiver of Lender's ability to exercise any and all rights and remedies under the Loan Documents or otherwise at law or in equity. Any such waiver shall not be effective unless set forth in writing, duly executed by an authorized representatives of Lender, Borrower and Guarantor. Borrower and Guarantor shall not be entitled to rely upon any oral statements made or purported to be made by or on behalf of Lender in connection with any alleged agreement by or on behalf of Lender to refrain from exercising any of its rights under the Loan Documents or otherwise at law or in equity.

2026478.1

Amandeep Dhillon
January 4, 2021
Page 3

      Neither this letter nor any statement or action by or on behalf of Lender: (i) shall constitute a waiver of any rights of Lender to collect any amounts or require performance to which Lender may be lawfully entitled pursuant to the terms of the Loan Documents, or otherwise at law or in equity; or (ii) shall constitute an offer to settle or waive any rights of Lender under any of the Loan Documents. Lender has received no notice of any pending bankruptcy proceedings affecting any person or entity obligated in any way under the Loan Documents. If any party in receipt hereof is a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (the "Code"), this letter is merely written notice that formal demand has been made on the Borrower in compliance with the Loan Documents and applicable state law. This letter is not an act to collect, assess or recover a claim against a debtor in a bankruptcy proceeding, nor is this letter intended to violate any provision of the Code. Any claims against a debtor in a bankruptcy proceeding will be properly asserted in compliance with the Code in the respective bankruptcy proceeding.

Sincerely,

*[signature]*

David P. Hutchinson
For the Firm

DPH/wjp
Enclosure

cc:    Fund Investment 112, LLC
       280 N. Old Woodward Avenue
       Suite 104
       Birmingham, MI 48009

       Brett Payton, Esq.
       Coan, Payton & Payne, LLC
       5586 W. 19th St., Suite 2000
       Greeley, CO 80634
       Email: bpayton@cp2law.com

       Brandy Brown, Esq.
       2434 Chad Street
       New Braunfels, TX 78130
       Email: brandybrownlaw@gmail.com

       Attn: David Bales
       American Lending Center, LLC
       1 World Trade Center, Suite 1130
       Long Beach, CA 90831

       Jagmohan Dhillon
       4939 Normandy Drive
       Frisco, TX 75034

       Mr. Mandeep Dhillon
       4939 Normandy Drive
       Frisco, TX 75034

       Mrs. Mandeep Dhillon
       4939 Normandy Drive
       Frisco, TX 75034

       Surendar Singh
       4939 Normandy Drive
       Frisco, TX 75034

       Rajdeep Dhillon
       4939 Normandy Drive
       Frisco, TX 75034

       Galaxy Management Company, LLC
       Attn: Rajdeep Dhillon, Managing Member
       4939 Normandy Drive
       Frisco, TX 75034

2026478.1

**Fund Investment 112, LLC**
280 North Old Woodward Avenue, Suite 104
Birmingham, Michigan 48009
248-745-1700

<mark>Mortgage Payoff</mark>
<mark>VALID THROUGH 12/30/2020</mark>

Denver Gateway. LLC
8762 Preston Trace Blvd
Frisco, TX 75033

| | |
|---|---:|
| Principal Due | $22,708,166.15 |
| Interest | 545,141.05 |
| Default Interest | 360,739.00 |
| Late Fees | 29,997.44 |
| Reimbursements | 22,031.90 |
| Legal Fees | 12,157.04 |
| Less Reserves: | ($4,503,707.48) |
| Total Due as of 12/30/20: | $19,174,525.10 |

Wiring Instructions:
JP Morgan Chase Bank, NA
1116 W. Long Lake Road
Bloomfield Hills, MI 48302
Account Name: Bloomfield Capital Asset Management, LLC
Account Number: 428254051
Account Routing Number: 021000021
Wire Reference: Loan #100158/Denver_Dhillon

This letter does not constitute (i) a waiver by Lender of any existing or future Event of Default, or any monies owed to Lender by Borrower (ii) a waiver by Lender of any right or remedy available to Lender pursuant to the Loan Documents, at law and in equity as a consequence of the existence of any such Event of Default, (iii) a waiver by Lender of any term or provision of the Loan Documents, or (iv) an agreement to forbear from exercising any such available right or remedy.

280 North Old Woodward, Suite 104
Birmingham, MI 48009
(248) 745-1700