IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 20-42257 |
| FRISCO ACQUISITION LLC § | |
| § | (Chapter 7) |
| DEBTOR. § | |

**TRUSTEE'S MOTION FOR PROTECTIVE ORDER**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE**:

**COME NOW**, Christopher J. Moser, Chapter 7 Trustee for the bankruptcy estate of Frisco Acquisition LLC and files this *Motion for Protective Order* ("**Motion**") and, for such, would respectfully show as follows:

## I. BACKGROUND

1. On or about November 6, 2020 ("**Petition Date**"), Frisco Acquisition LLC ("**Debtor**") filed its voluntary Petition for bankruptcy protection under Chapter 7 of Title 11 of the United States Code ("**Bankruptcy Code**").

2. Christopher J. Moser was appointed as the Chapter 7 Trustee ("**Trustee**").

3. On June 24, 2021, Wanda Bertoia ("**Bertoia**") served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspections of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "**Subpoena**").[1]  Under the Subpoena, Bertoia requests thirty-two (32) categories of documents, and must comply by July 5, 2021.

---

[1] A true and correct copy of the Subpoena is attached hereto as Exhibit 1 and incorporated by reference herein.

4. Upon the appointment as Trustee of the Debtor's bankruptcy case, the Trustee became the custodian of the Debtor's records. The Trustee now stores documents that may be responsive to the Subpoena.

5. Prior to the Petition Date, a lawsuit was filed in the Denver District Court in Case No. 2019CV33523 styled *Wanda Bertoia v. Brett Payton, Coan Payton & Payne, LLC, American Lending Center, LLC, Aileron Investment Management, LLC, Abbas Consulting, Inc. and Frisco Acquisition, LLC* (the "**Denver Lawsuit**").

6. The Trustee was recently provided with a copy of a Joint Defense and Confidentiality Agreement (the "**Joint Defense Agreement**") entered into by and between Brett Payton, Coan Payton & Payne, LLC, American Lending Center, LLC, Abbas Consulting, Inc. and Frisco Acquisition, LLC (the "**Denver Lawsuit Defendants**").[2]

7. The Joint Defense Agreement provides that the Denver Lawsuit Defendants, including Debtor, would share information with the understanding that any privilege would be preserved. The Denver Lawsuit Defendants agreed that the Privileged Information (as defined in the Joint Defense Agreement) is protected from disclosure to adverse or other parties as a result of the attorney-client privilege, the attorney-work product privilege, and other applicable privileges. The Denver Lawsuit Defendants agreed that any Privileged Information received from each other, or the contents thereof, would not be disclosed without the written consent of all parties and their counsel. The Denver Lawsuit Defendants, other than Debtor, have indicated to the Trustee that they do not consent to the disclosure of any Privileged Information.

---

[2] A copy of the Joint Defense and Confidentiality Agreement is attached hereto as Exhibit 2.

**TRUSTEE'S MOTION FOR PROTECTIVE ORDER - PAGE 2**

## II. ARGUMENT AND AUTHORITY

8. The Trustee seeks a protective order because documents or data that may be responsive to the Subpoena include records, data or information protected by the attorney-client privilege, work product privilege, or other privilege.

9. The Trustee does not oppose production of responsive documents or data, subject to the Court's determination of the application of attorney-client privilege, work-product privilege or other privilege, and permission for the Trustee to waive any privilege as to any such documents. Additionally, the volume of documents that may be responsive may be substantial and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

10. The Court may enter a protective order with respect to the Subpoena under Fed. R. Civ. P. 26(c). The Trustee requests that the Court enter a protective order.

11. This Motion is being filed in the interest of justice, and not for purposes of delay.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee request that the Court grant this Motion for Protective Order and grant the Trustee such other and further relief to which the Trustee may show herself to be justly entitled.

**DATED: July 2, 2021**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/ Todd A. Hoodenpyle
Todd A. Hoodenpyle
State Bar No. 00798265
hoodenpyle@singerlevick.com
Larry A. Levick
State Bar No.
levick@singerlevick.com
16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972.380.5533
Fax: 972.380.5748

ATTORNEYS FOR
CHRISTOPHER J. MOSER, CHAPTER 7 TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that Notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District on this 2nd day of July, 2021.

   /s/ Todd A. Hoodenpyle
Todd A. Hoodenpyle

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Patrick Shurr, counsel for Wanda Bertoia. Due to the deadline to respond to the Subpoena by July 5, 2021 following a holiday weekend, the Trustee files this motion presuming that Mr. Shurr is opposed to the requested relief. The Trustee is providing the Joint Defense and Confidentiality Agreement with this motion. The Trustee will continue to attempt to resolve this motion with Mr. Shurr.

   /s/ Todd A. Hoodenpyle
Todd A. Hoodenpyle