## ASSIGNMENT AND BILL OF SALE

This ASSIGNMENT AND BILL OF SALE ("**Bill of Sale**") is made, executed and delivered by and among Christopher J. Moser, Chapter 7 Trustee ("**Trustee**") for the Bankruptcy Estate of Frisco Acquisition LLC ("**Seller**" or "**Assignor**") and Wanda Bertoia ("**Purchaser**" or "**Assignee**").

**WHEREAS**, on behalf of the Estate, Seller filed a *Motion to Sell Property of the Estate Free and Clear of all Liens, Claims and Encumbrances* ("**Motion**") (**Dkt.038**) in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division, Case No. 20-42257, requesting Court approval to sell the Seller's interest in certain property defined in the Motion ("**Property**").

**WHEREAS**, on June 11, 2021, the Court entered its *Order Granting Motion to Sell Property of the Estate Free and Clear of all Liens, Claims and Encumbrances* ("**Order**") (**Dkt.060**). Attached hereto as **Exhibit A**, and incorporated herein by reference, is a true and correct copy of the Order.

**NOW, THEREFORE**, for good and valuable consideration of the agreements and covenants reached between the Seller and Purchaser, the terms and conditions of the Order, and for other good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged:

### SALE OF PROPERTY

1. Seller, for and in consideration of the sum of Seven Hundred Fifty-Five Thousand and 00/100ths Dollars ($755,000.00) cash, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, confessed and paid by Purchaser Wanda Bertoia,

BILL OF SALE                                                                                                  Page 1
**EXHIBIT "G"  Page 1 of 9**

or her assignee, has assigned, granted, transferred, set over, conveyed, sold and delivered, and by these presents does assign, grant, transfer, set over, convey, sell and deliver unto Assignee all of Assignor's rights, title and interests, if any, to the Property which includes the following:

    (a)    any fraudulent transfer claims;

    (b)    any claims against any of the principals and related parties -- Brett Payton, Coan, Payton & Payne, LLC, Abbas Consulting, Inc., Jagmohan Dhillon, Galaxy Management Company, LLC, Denver Gateway, LLC and/or Parum J. Kaur -- including, but not limited to, fraud, alter ego and breach of fiduciary duty claims against any of them;

    (c)    to the extent that the Assignor has causes of action against the attorneys who represented both the Debtor (Frisco Acquisition LLC) and the principals and related parties, the Assignor is also assigning those claims;

    (d)    Debtor (Frisco Acquisition LLC) owns some M&M liens that it bought in the WPB bankruptcy, and the Assignor is also assigning those claims to Assignee

2. Specifically **excluded** from the sale of the Property are any causes of action that the Assignor might have against Assignee Wanda Bertoia, WPB Hospitality, LLC, Richard B. Podoll and/or Podoll & Podoll, P.C. for violating the automatic stay, which potential causes of action are retained by the Assignor and not a part of this sale.

3. This conveyance is made on an "as is", "where is," and "with all faults" basis, without any representation or warranty, and Assignee acknowledges that she is accepting the Assignor's interests in the Property in their present condition, that Assignor has not and is not authorized to make any representations or warranties concerning the Property, and that Assignee is not relying

upon any representation or warranty of Assignor concerning the Property in determining to acquire the Property. Assignee agrees and acknowledges that Assignor is conveying the Property without representation or warranty, either expressed, implied, at common law, by statute or otherwise (all of which Assignor hereby disclaims).

## **OBLIGATIONS AND AGREEMENTS**

4. Seller Christopher J. Moser is executing this instrument solely in his capacity as Trustee for the Bankruptcy Estate of Frisco Acquisition LLC ("**Estate**") which is a Debtor under Chapter 7 of the United States Bankruptcy Code, and any obligations, undertakings or liabilities evidenced or created hereby or by virtue of this conveyance and by related transactions are solely the obligations of the Estate as determined in accordance with the United States Bankruptcy Code. Christopher J. Moser shall have no personal liability nor shall resort be had to any of his property for any obligations of the Estate or under any agreement entered into by him in his capacity as Trustee for the Estate.

5. This Bill of Sale is delivered pursuant to the Order and is subject to the conditions, representations, warranties and covenants provided therein. Nothing contained herein shall itself modify, change, amend, extend or alter the terms or conditions of the Order in any manner whatsoever. Neither this Bill of Sale, nor any term, covenant, condition, nor other provision hereof, may be changed, amended, waived, discharged or terminated except by written instrument executed by both parties. In the event of any conflict or other difference between the Order and this Bill of Sale, the provisions of the Order shall control.

6. This Bill of Sale shall be governed by and construed in accordance with the laws of the State of Texas without reference to such state's principles of conflict of laws. All disputes

BILL OF SALE                                                                                                    Page 3

**EXHIBIT "G"  Page 3 of 9**

concerning this Bill of Sale or the subject matter of this Bill of Sale shall be resolved in accordance with the terms of the Order.

7. Seller and Purchaser and their respective counsel participated in the preparation of this Bill of Sale. In the event of any ambiguity in this Bill of Sale, no presumption shall arise based on the identity of the draftsman of this Bill of Sale. This Bill of Sale may be executed in several counterparts, including by pdf, facsimile or other electronic means, each of which shall constitute an original and all of which, when taken together, shall constitute one document.

*[Signatures and Acknowledgement on Following Page]*

**EXECUTED this \_\_\_\_ day of June, 2021**.

                        **SELLER -- ASSIGNOR:**

                        _____
                        Christopher J. Moser, as Chapter 7 Trustee for the
                        Bankruptcy Estate of Frisco Acquisition LLC,
                        Case No. 20-42257 (BTR), US Bankruptcy Court for
                        the Eastern District of Texas, Sherman Division

       Purchaser – Assignee hereby accepts the foregoing Bill of Sale on the terms herein set forth, and expressly acknowledges receipt of the Property to be conveyed hereunder, and further releases Seller – Assignor from and against any and all claims arising from, related to or occasioned by the Property, known or unknown or asserted or unasserted, including, but not limited to, any claims for damages or injuries that may occur as a result of taking possession of the Property.

                        **PURCHASER - ASSIGNEE:**

                        _____
                        Wanda Bertoia



06/11/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-42257 |
| FRISCO ACQUISITION LLC | § | |
| | § | (Chapter 7) |
| DEBTOR. | § | |

### ORDER GRANTING MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

**CAME ON** for consideration the *Motion to Sell Property of the Estate Free and Clear of all Liens, Claims and Encumbrances* ("**Motion**") filed by Christopher J. Moser, Chapter 7 Trustee ("**Trustee**") in the above entitled and numbered matter. The Court, having reviewed the Motion, the evidence presented, and having heard the statements of counsel in support of the relief requested, finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 363; that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion was sufficient under the circumstances, and that no other or further notice need be provided; that the Trustee is authorized to sell the Trustee's interest, if any, in the Property[1]; the Trustee's interest in the Property, if any, is Property of the Estate; and that the Trustee is authorized to convey the Property; and being satisfied based on the representations made in the Motion that such sale is necessary and in the best interest of the Bankruptcy Estate and its creditors; that WPB Hospitality, LLC and Wanda Bertoia filed an Objection to the Motion to Sell and in such Objection, made a higher

---

[1] "Property" as defined in paragraph 10 of the Motion, includes the following claims:--
    (a)    any fraudulent transfer claims;
    (b)    any claims against any of the principals and related parties -- Brett Payton, Coan, Payton & Payne, LLC, Abbas Consulting, Inc., Jagmohan Dhillon, Galaxy Management Company, Denver Gateway, LLC and/or Parum J. Kaur -- including, but not limited to, fraud, alter ego and breach of fiduciary duty claims against any of them;
    (c)    to the extent that the Trustee has causes of action against the attorneys who represented both the Debtor and the principals and related parties, the Trustee is also assigning those claims; and
    (d)    Debtor also owns some M&M liens it bought in the WPB bankruptcy, and those claims would be part of the sale as well.

offer to purchase the Property, and that such Objection has been resolved; that no objection or other written response to the Motion has been timely filed by any other party; that a telephonic auction was held between the two parties making bids for such Property, and that the highest bid was made by Wanda Bertoia and that the back-up bid was made by Parum Kaur; that both Wanda Bertoia and Parum Kaur are good faith purchasers pursuant to 11 U.S.C. § 363(m); and, after due deliberation and sufficient cause appearing therefore, the Court is of the opinion that the Motion should be, and hereby is, granted. Accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion be, and hereby is, **GRANTED** as set forth herein. It is further

**ORDERED, ADJUDGED and DECREED** that all capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion. It is further

**ORDERED, ADJUDGED and DECREED** that the Trustee is hereby authorized to sell the Property to Wanda Bertoia, or her designee, for the sum of Seven Hundred Fifty-Five Thousand and 00/100ths Dollars ($755,000.00) free and clear of liens and encumbrances immediately upon entry of this Order by the Clerk. Such sale to Wanda Bertoia must close within ten (10) calendar days upon the entry of this Order. It is further

**ORDERED, ADJUDGED and DECREED** that specifically **excluded** from the sale of the Property are any causes of action that the Trustee might have against Wanda Bertoia, WPB Hospitality, LLC, Richard B. Podoll and/or Podoll & Podoll, P.C. for violating the automatic stay, which potential causes of action are retained by the Trustee. It is further

**ORDERED, ADJUDGED and DECREED** that should the sale to Wanda Bertoia fail to close within ten (10) calendar days after entry of this Order, the Trustee is hereby authorized to sell the Debtor's Property to the back-up bidder Parum Kaur for the sum of Seven Hundred Fifty Thousand and

00/100ths Dollars ($750,000.00) free and clear of liens and encumbrances, and such sale to Parum Kaur must close within ten (10) calendar days thereafter.  It is further

**ORDERED, ADJUDGED and DECREED** that the sale of the Property will be on an "as is, where is" basis, without representations or warranties of any kind, nature, or description by the Trustee, his agents, or the Debtor's Estate, including whether or not the claims included in the definition of Property are owned in whole or in part by the Trustee; whether or not said claims are or are not "property of the Estate" as said term is defined in section 541 of the Bankruptcy Code, and said sale is subject to any claims and defenses of any of the persons described in the definition of Property.  It is further

**ORDERED, ADJUDGED and DECREED** that the sale shall be free and clear of liens and encumbrances with any liens or encumbrances to attach to the proceeds of the sale with the same validity, priority and extent that they attached to the Property.  It is further

**ORDERED, ADJUDGED and DECREED** that the Trustee is authorized to execute any and all documents necessary to effectuate the sale of the Property without further approval or Order of the Court.  It is further

**ORDERED, ADJUDGED and DECREED** that the Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.  It is further

**ORDERED, ADJUDGED and DECREED** that notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry, and that the sale may proceed forthwith.  Finally, it is further

**ORDERED, ADJUDGED and DECREED** that the Court retains jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Signed on 6/11/2021

_Brenda T. Rhoades_ YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE