Patrick J. Schurr
State Bar No. 17853530
SCHEEF & STONE, L.L.P.
2600 Network Boulevard
Suite 400
Frisco, Texas 75034
Telephone: 214.472.2100
Telecopier: 214.472.2150

ATTORNEYS FOR WANDA BERTOIA AND WPB HOSPITALITY, L.L.C.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FRISCO ACQUISITION LLC, | § | CASE NO. 20-42257-BTR-7 |
| | § | |
| Debtor. | § | HEARING DATE AND TIME: |
| | § | OCTOBER 18, 2021 @ 10:00 A.M. |

**WPB HOSPITALITY, LLC'S RESPONSE IN OPPOSITION TO
DEBTOR'S OBJECTION TO AMENDED CLAIM OF WPB
HOSPITALITY, INC. (PROOF OF CLAIM NO. 1-2)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WPB Hospitality, L.L.C. ("WPB") and would show the Court as follows:

**I. Preliminary Statement**

As a preliminary matter, WPB would argue that Frisco Acquisition LLC ("Frisco" or "Debtor") has no standing to object to WPB's Amended Claim No. 1-2 (the "Claim"). In chapter 7 cases, the debtor's standing has generally been limited to situations where the estate will generate a surplus beyond creditor claims, which would be returned to the debtor under section 726(a)(6). *Compare, e.g., Mulligan v. Sobiech*, 131 B.R. 917 (S.D.N.Y. 1991) (chapter 7 debtor was party in interest to object to administrative claim where debtor may be solvent if objection is sustained), with *In re Magnesium Corp. of America*, 583 B.R. 637, 649–50 (Bankr. S.D.N.Y. 2018) (debtor

**RESPONSE OF WPB HOSPITALITY, LLC IN OPPOSITION TO DEBTOR'S OBJECTION
TO AMENDED CLAIM OF WPB HOSPITALITY, LLC (PROOF OF CLAIM NO. 1-2)** - PAGE 1

standing to object to claim limited to where there is a "surplus over creditor claims"), and *Caserta v. Tobin*, 175 B.R. 773 (S.D. Fla. 1994) (chapter 7 debtor, in case where there is no surplus, lacked standing to object), and *In re F. A. Dellastatious, Inc.*, 24 C.B.C.2d 907, 121 B.R. 487 (Bankr. E.D. Va. 1990) (insolvent chapter 7 corporate debtor lacked standing to seek specific allocation of payments of debts owed to the IRS).

Here, there is no possibility of a surplus being returned to the Debtor. The Debtor has no pecuniary interest in the outcome of claims objections and thus no standing to object to claims.

The proof of claim, filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy Procedure 3001(f) and Bankruptcy Code section 502(a) and (c). To the extent it has standing to object, Frisco caries the burden of going forward with evidence concerning the validity and the amount of the claim. *In re Fullmer*, 962 F.2d 1463, 27 C.B.C.2d 92 (10th Cir. 1992) (prepetition claims are presumed to be prima facie valid, and the presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebuttal); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 26 C.B.C.2d 663 (3d Cir. 1992) (the burden of proof for claims is a shifting one: a claim is prima facie valid if it alleges facts sufficient to support a legal liability to the claimant; if the objector then produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of going forward shifts back to the claimant to prove the validity of the claim by a preponderance of the evidence).

Frisco has not submitted any evidence but merely raises factual issues as to WPB's Claim which must be resolved via an evidentiary hearing to determine the validity and extent of WPB's Claim. Based on the Objection, Debtor is clearly aware and has "fair notice of the conduct,

transaction, and occurrences that form the basis of the claim" and thus, WPB's compliance with Rule 3001(c) entitles WPB's Claim to a presumption of *prima facie* validity. *In re Thornburg*, 596 B.R. at 769 (*citing In re Sandifer*, 318 B.R. 609, 611 (Bankr. M.D. Fla. 2004), and *In re Taylor*, 363 B.R. at 308); Fed. R. Bankr. P. 3001(f).

## II.  Jurisdiction and Venue

1. WPB admits the allegations of paragraph 1 of the Debtor's Objection to Amended Claim of WPB Hospitality, LLC (Proof of Claim No. 1-2) (the "Objection").

2. WPB admits the allegations of paragraph 2 of the Debtor's Objection.

## III. Procedural History

3. WPB admits the allegations of paragraph 3 of the Debtor's Objection.

4. WPB admits that it filed the Original Claim which speaks for itself. WPB denies the remaining allegations of paragraph 4 of the Debtor's Objection.

5. WPB admits the allegations of paragraph 5 of the Debtor's Objection.

6. WPB admits the allegations of paragraph 6 of the Debtor's Objection.

7. WPB admits the allegations of paragraph 7 of the Debtor's Objection.

8. WPB admits the allegations of paragraph 8 of the Debtor's Objection.

9. WPB admits the allegations of paragraph 9 of the Debtor's Objection.

10. WPB admits the allegations of paragraph 10 of the Debtor's Objection.

11. WPB admits the Debtor filed a Motion to Strike WPB's Amended Claim and would show the Court that WPB filed a response to the Motion to Strike the Amended Claim on August 31, 2021 [ECF no. 151].

12. WPB denies the allegations of paragraph 12 of the Debtor's Objection for the

reasons set forth hereinbelow.

## IV. FACTS AND ARGUMENT

13. WPB admits that the Original Claim is based on allegations made in the Denver District Court, Cause No. 19CV33523 (the "State Court") and which pleading speaks for itself. WPB incorporates by reference its Response to Debtor's Objection to the Original Claim [ECF no. 75] and its Motion pursuant to F.R.C.P. 56(d) to Defer or Deny Debtor's Motion for Summary Judgment on its Objection to Claim of WPB Hospitality, LLC [ECF no. 73] regarding the allegations underlying the Original Claim herein.

14. WPB admits that it filed a Fourth Amended Complaint in the State Court (the "Complaint"). A preliminary draft of the Fourth Amended Complaint (the "Draft Complaint") was attached to the Claim in anticipation of bringing the claims set forth therein in the State Court. Consistent with this Court's order of September 1, 2021 [ECF no. 153], Bertoia and WPB have proceeded "with their claims against any and all non-debtor parties in the lawsuit." Debtor has been "added as a nominal party to any cause of action in the Colorado State Court Actions in which Debtor is an essential and necessary party under Colorado state law." [*Id.*] The Complaint as filed in the State Court is attached hereto as Exhibit "1" and incorporated herein. WPB denies the remaining allegations of paragraph 14 of the Debtor's Objection.

15. WPB admits that the Complaint asserts various claims against non-debtor parties as alleged in paragraph 15 of the Debtor's Objection. Frisco has been added as a nominal party in the State Court for the alter ego and fraudulent transfer claims consistent with this Court's order of September 1, 2021 [ECF no. 153] and the Assignment and Sale of the Trustee's claim to Bertoia. [ECF no. 106-7].

16. WPB denies the allegations of paragraph 16 of the Debtor's Objection as the Claim complied with Rule 3001 of the Federal Rules of Bankruptcy Procedure requiring that when a claim is based on a writing, the writing shall be filed with the proof of claim. Fed. R. Bankr. P. 3001(c)(1). WPB attached the Draft Complaint and is relying (albeit, in part) on its Complaint and the exhibits thereto to satisfy the requirements of Rule 3001(c)(1) and will provide such evidentiary proof at the hearing on the Claim to establish its Claim.

17. Having satisfied the basic requirements of Rule 3001(c), Debtor has the burden to refute WPB's entitlement to the presumption of *prima facie* validity of the Claim and to 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." See *In re McLaughlin*, 320 B.R. 661, 665 (Bankr. N.D. Ohio 2005) ("To defeat the claim, the objector must come forward with sufficient evidence and 'show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves.'") (quoting *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991)); see also *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). Debtor has not, and cannot, succeed because its Objection merely denies the legal import of Frisco and its agents conduct in carrying out the scheme to fraudulently induce Bertoia and WPB to enter into the various contracts and ultimately obtain the Hotel Property.

18. Debtor miscomprehends the Bankruptcy Code's purpose for a Proof of Claim, as well as the requirements of Rule 3001(c), which is akin to notice pleading for a creditor such as WPB. *In re Thornburg*, 596 B.R. at 769 (stating that a Proof of Claim must provide "fair notice of

the conduct, transaction, and occurrences that form the basis of the claim."). Denial of the alleged wrongdoing—or the legal import of that conduct—is not a basis for an objection.

19. WPB denies the allegations of paragraph 17 of the Debtor's Objection. Contrary to the allegations of paragraphs 14(b) and 17 of the Debtor's Objection, the claim of "civil conspiracy" is not a new claim asserted against the Debtor as said conspiracy claim was alleged by Wanda Bertoia in the State Court on September 11, 2019 (Attachment 2 to Wanda Claim 2-2, page 33 of 60). Consistent with the Court's order of September 1, 2021, WPB has not included Debtor in the civil conspiracy claim in the State Court, however, Frisco was part of the civil conspiracy to defraud WPB and WPB asserts said claim herein against the Debtor.

20. Again, Debtor does not claim that the allegations of the Draft Complaint (as now supplemented by the Complaint) failed to provide "fair notice of the conduct, transaction, and occurrences that form the basis of the claim." *In re Thornburg*, 596 B.R. at 769. Debtor simply argues the underlying facts and puts its own spin on the events giving rise to the Claim. Again, simply disputing the Claim without providing "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves" does not carry the Debtor's evidentiary burden and such Objection as to this element of WPB's Claim should be denied.

21. WPB denies the allegations of paragraphs 18 through 28 of the Debtor's Objection as same relate to the various violations of RICO and COCCA. Like the other claims, consistent with the Court's order of September 1, 2021, WPB has not included Debtor in the State Court Complaint for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962 (b),(c) and (d), and the Colorado Organized Crime Control Act ("COCCA") C.R.S. §§ 18-17-104(3) and § 18-17-106, *et seq.*. Nonetheless, as outlined in the Complaint, attached

hereto as Exhibit "1," the Racketeering Participants used various shell companies, including Frisco, to conduct of the Enterprise's affairs through a pattern of racketeering activity.

22. In Colorado, to state a private racketeering claim, "a plaintiff must allege only four elements: (1) Conduct (2) Of an enterprise (3) through a pattern (4) of racketeering activity." *See Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002). WPB and Bertoia have met this burden in the Complaint. Frisco alleges that the Draft Complaint does not contain sufficient factual support for various elements and predicate acts. Any deficiency in this regard has been rectified by the updated and as-filed Complaint and proven at the evidentiary hearing on the Claim.

23. Contrary to Debtor's arguments, "seeking to acquire hotel properties or equity through fraudulent conveyances and deceitful practices" *is* a "criminal act." (Objection, ¶ 18.) One of the predicate crimes for racketeering includes knowingly obtaining anything of value of another by deception. C.R.S. § 18-4-401. This is precisely what WPB alleges Frisco and the other Racketeering Participants did in the instant case.

24. Frisco and other members of the Enterprise obtained various properties, including WPB's property, through acts of wire fraud, cybercrimes, money laundering, theft, and bankruptcy fraud. As exhaustively outlined in the Complaint, this pattern is not garden-variety fraud. WPB and Bertoia have adequately alleged the continuing pattern of racketeering activity to hold Frisco and other members of the Enterprise liable under RICO and COCCA.

25. WPB denies the allegations of paragraph 29 of the Debtor's Objection.  As with the other claims, the relief requested is supported by the allegations in the Draft Complaint attached to the Claim as well as the Complaint attached hereto.  Simply because the Debtor believes the claims should fail without any evidentiary proof does not shift the burden to WPB to establish its

Claim as its prima facie case has not been properly rebutted. Such alleged grounds of the Debtor's Objection to the Claim for punitive damages should be denied.

26. WPB admits that Wanda Bertoia purchased the fraudulent transfer claim of the Chapter 7 estate and as such, WPB does not assert a fraudulent transfer claim on its own behalf but jointly with Wanda Bertoia. Both Wanda Bertoia and WPB are "creditors" of Frisco within the meaning of the Colorado Uniform Transfer Act ("CUFTA") and 11 U.S.C. §548. Both WPB and Wanda Bertoia have unliquidated breach of contract claims against Frisco related to the Hotel Transaction. Absent any other objection to the validity of the fraudulent transfer claim, said claim should be sustained and the Debtor's Objection thereto denied.

27. WPB expressly reserves the right to amend, modify or supplement its response to the Debtor's Objection to the extent that the Debtor amends, modifies or supplements its Objection and to the extent that the Rule 2004 examinations reveal additional claims and defenses available to WPB.

WHEREFORE, PREMISES CONSIDERED, WPB Hospitality, LLC respectfully requests that the Court (a) deny the Debtor's Objection in its entirety; (b) allow WPB Hospitality, LLC's Claim in its entirety; and (c) for such other relief as is just and proper.

Respectfully submitted this the 6th day of October, 2021.

>SCHEEF & STONE, L.L.P.
>2600 Network Boulevard
>Suite 400
>Frisco, Texas 75034
>Telephone: 214.472.2100
>Telecopier: 214.472.2150
>
>By:  /s/ Patrick J. Schurr
>     Patrick J. Schurr
>     State Bar No. 17853530
>
>ATTORNEYS FOR WANDA BERTOIA AND
>WPB HOSPITALITY, L.L.C.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Debtor, Joyce Lindauer, the chapter 7 trustee, Christopher Moser, counsel for the chapter 7 trustee, Larry Levick, and any parties requesting notice herein, via electronic means, on this the 6th day of October, 2021.

> /s/ Patrick J. Schurr